ATaimanglo.PLE

LEONARDO RAPADAS
United States Attorney
JOSEPH TOCK
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM

AUG 17 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) MAGISTRATE CASE NO. 05-00030 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **PLEA AGREEMENT** |
| ANTHONY B. TAIMANGLO, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ANTHONY B. TAIMANGLO, enter into the following plea agreement:

1. The defendant, ANTHONY B. TAIMANGLO agrees to enter a guilty plea to an Information charging him with Count 1 of the Complaint, Theft of Property, in violation of 18 United States Code Sections 641. Count number 2 will be dismissed after sentencing..

2. The defendant understands that the <u>maximum</u> sentence for Theft of Property in an amount less than $1,000.00, in violation of 18 U.S.C. 641 as a misdemeanor as specified in 18 U.S.C. § 641 is imprisonment for not more than one year and a maximum fine of $100,000.00, together with any restitution as the court may order, and a $25 special assessment fee. Any

-1-

sentence of incarceration shall include a term of supervised release of not more than one (1) year. If the court revokes sentence of supervised release, the court may incarcerate the defendant for one (1) year. The total of $25 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Theft of Government Property, a violation of Title 18, United States Code, Sections 641, the government must prove each of the following elements beyond a reasonable doubt for each count:

First, that on March 27, 2005, the defendant took certain property of the United States, more specifically Andersen AFB, Guam; and

Second, the defendant took the property wilfully and knowing that the property he took was property of the United States; and

Third, the defendant intended to permanently deprive the United States of the use and benefit of the property; and

Fourth, that the value of the property was less than $1,000.

4. The defendant understands that the Sentencing Guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the sentencing:

    a. The defendant was born on June 16, 1957, and is a citizen of the United States.

    b. That on March 27, 2005, the defendant ANTHONY B. TAIMANGLO entered Andersen AFB (South), after dark. The defendant located a source of copper wire in the walls of a building on Andersen AFB South and pulled the wires from the walls. The defendant knew the property he was taking belonged to the United States Air Force when he was taking the wire.

-2-

The intention of the defendant was to sell the wire to a scrap dealer, thereby depriving the Unted States of the use and value of the property, permanently.

      c. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

5. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

      a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

      b. His right to be represented by an attorney;

      c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

      d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

      e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

      f. That he agrees that the plea agreement is voluntary and not a result of any

-3-

force, threats or promises apart from this plea agreement;

    g. That he reads, writes and speaks the English language and has no need for an interpreter;

    h. That he has read the plea agreement and understands it; and

    i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 08-17-05

ANTHONY B. TAIMANGLO
Defendant

DATED: 8/17/05

JOHN GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 8/17/05 By:

JOSEPH TOCK
Special Assistant U.S. Attorney

-4-