PROB 12C
(7/93)

# United States District Court

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
DEC - 7 2006
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Anthony B. Taimanglo**  Case Number: **MJ 05-00030-001**

Name of Sentencing Judicial Officer: Honorable Joaquin V.E. Manibusan, Jr.

Date of Original Sentence: December 19, 2005

Original Offense: Theft of Government Property, 18 U.S.C. § 641.

Original Sentence: Time served followed by a one year term of supervised release with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least eight periodic drug tests thereafter; not possess a firearm or other dangerous weapon; cooperate in collection of DNA; comply with the standard conditions of supervision; refrain from the use of any and all alcohol; participate in a substance abuse program, which may include testing for use of drugs or alcohol; perform 300 hours of community service; and pay a $25 special assessment fee. **Informational violation report filed on February 9, 2006. Conditions modified February 16, 2006**, to delete the DNA collection condition. **Conditions modified June 22, 2006**, to require the defendant to serve two days of intermittent confinement.

Type of Supervision: Supervised Release  Date Supervision Commenced: January 26, 2006

Assistant U.S. Attorney: Joseph Tock  Defense Attorney: John T. Gorman

### PETITIONING THE COURT

☐ To issue a warrant

☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Failure to perform community service. |
| 2. | Failure to pay special assessment fee ($25). |

*(Please see attached declaration in support of petition by U.S. Probation Officer Robert I. Carreon)*

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 11/28/06

Reviewed by:

_____
JOSEPH TOCK
Assistant U.S. Attorney
Date: 12/1/06

I declare under penalty of perjury that the forgoing is true and correct.

by: _____
ROBERT I. CARREON
U.S. Probation Officer

Executed on: 11/27/06

**THE COURT ORDERS:**

☐ No Action.

☐ The Issuance of a Warrant.

☒ The Issuance of a Summons.

☐ Other



RECEIVED
DEC - 4 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

_____
Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
District of Guam

12/7/2006
Date

# VIOLATION WORKSHEET

1. Defendant __Anthony B. Taimanglo__

2. Docket Number (Year-Sequence-Defendant No.) __MJ 05-00030-001__

3. District/Office __Guam__

4. Original Sentence Date __12__ / __19__ / __05__
   month    day    year

(If different than above):

5. Original District/Office __N/A__

6. Original Docket Number (Year-Sequence-Defendant No.) __N/A__

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to perform community service. | C |
| • Failure to pay special assessment fee ($25). | C |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b)) — C

9. Criminal History Category (see §7B1.4(a)) — I

10. Range of Imprisonment (see §7B1.4(a)) — 3 - 9 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:05-mj-00030    Document 26    Filed 12/07/2006    Page 3 of 7

Defendant:     **Anthony B. Taimanglo**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | S/A Fee | $25.00 | Home Detention | N/A |
    | CS Hours | 204 balance | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term:  N/A  to  N/A  years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment:  3 to 9 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    At Sentencing, the defendant received a downward departure from the Sentencing Guidelines for substantial assistance under U.S.S.G. §5K1.1. As such, pursuant to U.S.S.G. § 7B1.4 Application note 4, an upward departure upon revocation is warranted.

15. **Official Detention Adjustment** (see §7B1.3(e)):  0  months  _____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:05-cr-00030 Document 25 Filed 12/07/2005 Page 4 of 12

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | MAGISTRATE CASE NO. 05-00030-001 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECLARATION IN SUPPORT OF PETITION** |
| | ) | |
| ANTHONY B. TAIMANGLO | ) | |
| Defendant. | ) | |

**Re:** **Violation of Supervised Release Conditions; Request for a Summons**

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Anthony B. Taimanglo and in that capacity declare as follows:

On December 19, 2005, Mr. Anthony B. Taimanglo was sentenced in the District Court of Guam for the offense of Theft of Government Property, in violation of 18 U.S.C. § 641, to time served with one year supervised release to follow. His term of supervised released began on January 26, 2006. Mr. Taimanglo is alleged to have committed the following violations:

**Special Conditions**: *The defendant shall perform 300 hours of community service at the direction of the U.S. Probation Office.*

Mr. Taimanglo was initially referred to perform community service on February 14, 2006. He has consistently failed to maintain his community service performance schedule and to date has completed only 96 of the 300 hours ordered by the Court. On these failures to perform community service, the probation officer held compliance meetings with Mr. Taimanglo on March 13, 2006; April 3, 2006; April 25, 2006; May 22, 2006; and June 1, 2006. At each meeting, Mr. Taimanglo reported transportation problems or employment schedule conflicts, but assured each time that he would be able to resume the required community service schedule he agreed to maintain.

At the next compliance meeting on August 4, 2006, Mr. Taimanglo was warned by this Officer that his continued failures to perform community service may lead to his inability to satisfy the order by the end of his supervision term on January 25, 2007. He again assured he could "double-up" on his community service schedule in the following months and still complete the order.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:     TAIMANGLO, Anthony B.
USDC MJ Cs. No. 05-00030-001
November 27, 2006
Page 2


During a compliance meeting on October 10, 2006, Mr. Taimanglo confirmed that he did not "double-up" on his community service schedule as he previously assured he would and that he remained out of compliance with the community service order. He acknowledged that he could have completed all required hours if he had only maintained the performance schedule initially agreed upon. Mr. Taimanglo stated that he has simply been too busy with work commitments to perform the required community service hours. He was instructed by this Officer to make arrangements with his employer to accommodate a schedule for him to satisfy the condition. On October 20, 2006, Mr. Taimanglo notified this Officer that his employer has not responded to his request for time to perform community service. On October 30, 2006, this Officer spoke with JJ Janitorial Operations Manager, Rose Meno, who related that allowing Mr. Taimanglo the time away from work to complete his community service order by January 2006 would not be possible without drastically reducing his work hours.

Mr. Taimanglo has a current balance of 204 hours of community service to complete. He last performed community service on September 17, 2006.

**Mandatory Condition**: *The defendant shall pay a $25 special assessment fee.*

Mr. Taimanglo has failed to comply with a payment agreement made with the probation office to pay the $25 special assessment fee by February 15, 2006. Reminders to make payment by this Officer have been ignored by Mr. Taimanglo.

**Supervision Compliance:** Mr. Taimanglo has maintained compliance with his other conditions of supervision. He has maintained employment as a laborer with JJ Janitorial Services since March 2006, and submitted all required monthly supervision reports. In addition he is in compliance with the drug treatment/testing program.

**Recommendation:** Mr. Taimanglo has procrastinated on his community service order past the point of recovery. Had he maintained the community service performance schedule originally agreed upon, he would have easily satisfied the order, and would not be facing the compliance dilemma outlined in this report.

As such, it is respectfully requested that the Court issue a Summons for Anthony B. Taimanglo to appear at a hearing to answer or show cause why supervised release should not be revoked pursuant to Title 18, United States Code, Section 3583.

At this hearing, this Officer recommends that supervision be revoked for one day, pursuant to Title 18, United States Code, Section 3583(e)(3), and supervised release be reimposed for 11 months and thirty days, in order to allow Mr. Taimanglo additional time to complete the outstanding

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re: TAIMANGLO, Anthony B.
USDC MJ Cs. No. 05-00030-001
November 27, 2006
Page 3

balance of community service hours (204), as well as to pay the remaining balance of his special assessment fee ($25). As an incentive for Mr. Taimanglo, this Officer further requests the Court to allow for early termination of supervision upon completion of the conditions above.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 27th day of November 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Joseph Tock, AUSA
John T. Gorman, Federal Public Defender
File