FILED
DISTRICT COURT OF GUAM
FEB - 1 2007
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | ) ) ) | MAGISTRATE CASE NO. 05-00030-001 |
| vs. | ) ) ) | **SUPPLEMENTAL DECLARATION<br>IN SUPPORT OF PETITION** |
| ANTHONY B. TAIMANGLO<br>Defendant. | ) ) ) | |

**Re:   Violations of Supervised Release Supplement to Declaration filed December 7, 2006.**

     I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Anthony B. Taimanglo and in that capacity declare as follows:

     On December 7, 2006, a Petition for Action and Declaration in Support of Petition was filed for Anthony B. Taimanglo's failure to perform community service and pay the $25 balance of his special assessment fee. An Order to Show Cause Hearing was held on December 14, 2006 before the Honorable Judge Joaquin V. E. Manibusan, Jr., at which time Mr. Taimanglo admitted to the reported violations. The Court admonished him for his failure to prioritize his conditions of supervision. The matter was continued, however, to February 5, 2006, in order to allow Mr. Taimanglo to show some compliance with the orders of the Court.

     On January 5, 2007, Mr. Taimanglo paid the $25 special assessment fee. He is alleged to have committed the following violations, which are all in violation of *18 U.S.C. § 3583(d)*.

**Special Conditions**: *The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.*

     Mr. Taimanglo failed to attend urinalysis appointments on December 16, and 19, 2006. Attempts by this Officer to contact him at home and at his employment subsequent to his missed appointments were unsuccessful. On January 5, 2007, Mr. Taimanglo reported to the probation

ORIGINAL

Supplemental Declaration in Support of Petition
Re: TAIMANGLO, Anthony B.
Magistrate Case No. 05-00030-001
February 1, 2007
Page 2

office to submit his monthly supervision report and to pay the $25 balance on his special assessment fee. He admitted that he received telephonic messages at work left by this Officer, but failed to call as instructed. In addition, upon being notified of his urinalysis "no shows", he admitted that for the appointment on December 16, 2006, he simply forgot to attend. For the missed appointment on December 19, 2006, Mr. Taimanglo asserted that there was no testing bulletin announced. This Officer verified, however, that no error in the bulletin announcement was made by the treatment provider. Mr. Taimanglo was advised not to miss any further drug treatment or testing appointments, and to resume performing community service on Sundays.

**Special Conditions**: *The defendant shall perform 300 hours of community service at the direction of the U.S. Probation Office.*

Immediately following the Violation Hearing on December 14, 2006, this Officer met with Mr. Taimanglo to complete new referral documents for community service. He asked to first confer with his employer to select a day from his weekly work schedule to perform community service. Mr. Taimanglo was granted his request and was instructed to contact this Officer once he and his employer agreed on his schedule.

Mr. Taimanglo also agreed to pay the $25 special assessment fee on December 15, 2006. The special assessment fee was not paid until January 5, 2007.

On January 26, 2007, Mr. Taimanglo reported as instructed to the probation office for a compliance meeting to explain why he failed to perform community service despite being given explicit instructions to do so by the Court at the violation hearing on December 14, 2006. He stated that he encountered transportation problems as well as the stomach flu. Mr. Taimanglo acknowledged that he failed to notify this Officer of these problems as previously instructed. On January 29, 2007, he reported to the probation office and arranged for a full-time community service schedule of 8-hours per day, 7 days per week. He stated that he spoke with his employer, who agreed to give him time to settle his Court issues, and assured he will be able to return to his job. This information was confirmed by Operations Manager, Mr. Anthony Leon Guerrero, of JJ Janitorial Services. In addition, Mr. Taimanglo was promoted to the position of Supervisor.

**Recommendation:** The above information is respectfully submitted to supplement the Declaration in Support of Petition filed on December 7, 2006, and for consideration at the continued Order to Show Cause Hearing set for February 5, 2007.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Supplemental Declaration in Support of Petition
Re: TAIMANGLO, Anthony B.
Magistrate Case No. 05-00030-001
February 1, 2007
Page 3

Executed this /1st day of February 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Joseph Tock, SAUSA
John T. Gorman, Federal Public Defender
File

# AMENDED VIOLATION WORKSHEET

1. Defendant **Anthony B. Taimanglo**
2. Docket Number (Year-Sequence-Defendant No.) MJ 05-00030-001
3. District/Office Guam
4. Original Sentence Date 12 / 19 / 05
   month   day   year

(If different than above):

5. Original District/Office N/A
6. Original Docket Number (Year-Sequence-Defendant No.) N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to perform community service. | C |
| • Failure to pay special assessment fee ($25). | C |
| • **Failure to attend urinalysis (December 16, and 19, 2006)** | C |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))  —  C
9. Criminal History Category (see §7B1.4(a))  —  I
10. Range of Imprisonment (see §7B1.4(a))  —  3 - 9 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:05-mj-00030   Document 35   Filed 02/01/2007   Page 4 of 5

Defendant: __Anthony B. Taimanglo__

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | S/A Fee | 0.00 | Home Detention | N/A |
    | CS Hours | 204 balance | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: __N/A__ to __N/A__ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: __3 to 9 months__

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    At Sentencing, the defendant received a downward departure from the Sentencing Guidelines for substantial assistance under U.S.S.G. §5K1.1. As such, pursuant to U.S.S.G. § 7B1.4 Application note 4, an upward departure upon revocation is warranted.

15. **Official Detention Adjustment** (see §7B1.3(e)): __0__ months ____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:05-mj-00030   Document 35   Filed 02/01/2007   Page 5 of 5